# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **COLLETT S.,** <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** <br><br> Defendant. | **REPORT AND RECOMMENDATION** <br><br> Case No. 2:17-cv-00972-CW-PMW <br><br> **District Judge Clark Waddoups** <br><br> **Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Collet S.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  *See* 42 U.S.C. §§ 401-434. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  In February 2014, Plaintiff applied for DIB, alleging disability beginning in on July 2, 2011.[2]  Plaintiff's

---

[1] *See* docket no. 16.

[2] *See* docket no. 18, Administrative Record ("AR ___") at 144-45.

alleged disability onset date was later amended to January 1, 2014.[3]  Plaintiff's application was denied initially and upon reconsideration.[4]  In December 2014, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[5]  That hearing was held on July 21, 2016.[6]  On October 3, 2016, the ALJ issued a written decision denying Plaintiff's claim for DIB.[7]  On July 28, 2017, the Appeals Council denied Plaintiff's request for review,[8] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.  On August 30, 2017, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[9]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a

---

[3] *See* AR at 16.

[4] *See* AR at 53, 79.

[5] *See* AR at 94-95.

[6] *See* AR at 30-52.

[7] *See* AR at 13-29.

[8] *See* AR at 1-5.

[9] *See* docket no. 3.

scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 404.1520(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the de minimis showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant

3

>is entitled to benefits. If not, the evaluation proceeds to the fourth
>step . . . .

*Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 404.1520(a)(4)(iii).

At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. § 404.1520(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. § 404.1520(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## **ANALYSIS**

In support of her claim that the Commissioner's decision should be reversed, Plaintiff presents several arguments. One of those arguments is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003);

4

*see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Plaintiff asserts that the ALJ erred by failing to complete the function-by-function analysis required by Social Security Ruling ("SSR") 96-8p. In relevant part, SSR 96-8p provides:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR [§] 404.1545 . . . . *Only after that* may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p (emphasis added). Paragraphs (b), (c), and (d) of 20 C.F.R. § 404.1545 require the ALJ to specifically assess a claimant's physical abilities, mental abilities, and other abilities affected by the claimant's impairments. *See* 20 C.F.R. § 404.1545(b)-(d); *see also* SSR 96-8p. Paragraph (b) requires the ALJ to consider "certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. § 404.1545(b); *see also* SSR 96-8p. Paragraph (c) requires the ALJ to consider "certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting." 20 C.F.R. § 404.1545(c); *see also* SSR 96-8p.

In this case, the ALJ did not provide a function-by-function analysis of Plaintiff's work-related abilities. Instead, the ALJ expressed Plaintiff''s RFC as the ability "to perform light

5

work" with certain limitations.[10] The ALJ erred in that regard because, as mandated by SSR 96-8p, he was not allowed to simply state Plaintiff's RFC in terms of an exertional category, such as light work, unless he first identified Plaintiff's "functional limitations or restrictions and assess [Plaintiff's] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.F.R. §] 404.1545." SSR 96-8p.

In response to Plaintiff's argument, the Commissioner asserts that the ALJ is permitted to express the RFC in exertional terms. The Commissioner cites a provision of SSR 96-8p which states "[a]t step 5 of the sequential RFC must be expressed in terms of, or related to, the exertional categories when the adjudicator determines whether there is other work the individual can do." *Id*. However, that cited passage goes on to state that "in order for an individual to do a full range of work at a given exertional level, . . . the individual must be able to perform substantially all of the exertional and nonexertional functions required in work at that level." *Id*. The Commissioner fails to address SSR 96-8p's requirement to first perform the function-by-function analysis of work-related activities or provide any reason why the ALJ should be relieved of the duty to do so in this case.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the court concludes that all the ALJ erred by failing to complete the function-by-function analysis required SSR 96-8p. Accordingly, IT IS HEREBY RECOMMENDED that the Commissioner's decision in this case be REVERSED AND REMANDED.

---

[10] AR at 20.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 8th day of March, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge