# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| COLLETT S., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Order Adopting Report and Recommendation <br><br> Case No. 2:17-cv-00972 <br><br> District Judge Clark Waddoups |

Before the court is (I) Magistrate Judge Warner's March 8, 2019, Report and Recommendation and (II) the parties' Stipulation as to Attorney Fees. (ECF No. 25.)

I.      Report and Recommendation

In his Report and Recommendation, Judge Warner found that the Commissioner "fail[ed] to address SSR 96-8p's requirement to first perform the function-by-function analysis of work-related activities or provide any reason why the ALJ should be relieved of the duty to do so in this case." (ECF No. 24 at 6.) Judge Warner concluded that "the ALJ erred by failing to complete the function-by function analysis" and recommended that "the Commissioner's decision in this case be REVERSED AND REMANDED." (ECF No. 24 at 6.)

The Report and Recommendation notified the parties that they "must file any objection to [the] Report and Recommendation within fourteen (14) days after being served with a copy of it." (ECF No. 24 at 7.) Neither party has filed any objection to the Report and Recommendation. "In the absence of an objection, the court may apply a 'clearly erroneous' standard of review

when evaluating a Report and Recommendation." *Coeur v. Rose*, No. 217CV00882RJSEJF, 2017 WL 9806917, at *1 (D. Utah Nov. 30, 2017). "Under this standard, the court will affirm the Magistrate Judge's ruling unless the court is left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted) (citation omitted).

Having reviewed the record, the court holds that the Report and Recommendation is not clearly erroneous. Accordingly it is ORDERED that Magistrate Judge Warner's March 8, 2019, is AFFIRMED AND ADOPTED.

Pursuant to 42 U.S.C. § 405(g), the case is REMANDED "to the Appeals Council of the Social Security Administration, and the Council shall then finally remand the case to an ALJ for further proceedings" *C.f. Herrman v. Astrue*, No. 2:08-CV-608 TS, 2010 WL 114545, at *1 (D. Utah Jan. 12, 2010). On remand, the ALJ shall consider, in its entirety, Magistrate Judge Warner's Report and Recommendation, paying special attention to the following:

> The ALJ erred in that regard because, as mandated by SSR 96-8p, he was not allowed to simply state Plaintiff's RFC in terms of an exertional category, such as light work, unless he first identified Plaintiff's "functional limitations or restrictions and assess Plaintiff's work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 [C.R.F. §] 404.1545"

(ECF No. 24 at 6 (citing SSR 96-8p).)

II.     Attorney Fees

In the parties' Stipulation as to Attorney Fees, the parties notified the court "that they have agreed to a compromise settlement regarding attorney fees pursuant to the Equal Access of Justice Act (EAJA), 28 USC 2412 *et seq.*" (ECF No. 25 at 1.) In this Stipulation, the parties provide that "[t]his Court should . . . order the EAJA fees to be paid to the Plaintiff."

DU CivR 7-1(a)(2)(G) provides that motions "for approval of stipulations between the parties" "shall" include "a proposed order" "attached as an exhibit to the motion." The parties'

Stipulation did not include a proposed order. The parties are respectfully instructed to file a proposed order and email it to the undersigned's chamber's email.

<u>Conclusion</u>

I. Magistrate Judge Warner's Report and Recommendation is AFFIRMED and ADOPTED.

II. The parties are respectfully instructed to file a proposed order relating to their stipulation and email it to the undersigned's chamber's email.

DATED this 2nd day of July, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge